IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| STEPHANIE STANKO, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| | )   **CIVIL ACTION NO. 1:23-00219** |
| v. | ) |
| | ) |
| WARDEN, | ) |
| | ) |
|    Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss Petition," filed on June 4, 2024. (Document No. 8.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the record and considered the applicable law, the undersigned has concluded that the Respondent's "Motion to Dismiss Petition" (Document No. 8) should be granted.

**PROCEDURAL HISTORY**

On March 20, 2023, Petitioner, acting *pro se*,[1] filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document No. 1.) Petitioner argues that the BOP is improperly denying her time credit pursuant to the First Step Act. (Id.) As relief, Petitioner requests that she be awarded her First Step Act time credits and released to home confinement. (Id.) On March 21, 2023, Petitioner paid the $5.00 filing fee. (Document No. 2.) By Order entered on March 29, 2023, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 4.) On May 5, 2023, Respondent filed a Response. (Document No. 6.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's FTC are correctly calculated" (Id., pp. 2 – 4); and (2) "Petitioner is not entitled to the pre-release custody she requests" (Id., pp. 4 – 5). (Id.) By Order and Notice entered on May 8, 2023, the undersigned notified Petitioner of her right to file a Reply to Respondent's Response. (Document No. 7.) Petitioner, however, failed to file a Reply.

On June 4, 2024, Respondent filed a "Motion to Dismiss Petition." (Document No. 8.) Specifically, Respondent argues that Petitioner's Petition should be dismissed as moot based upon Petitioner's release from custody. (Id.) By Order and Notice also entered on June 4, 2024, the undersigned notified Petitioner of her right to file a Response. (Document No. 9.) Petitioner, however, failed to file a Response.

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court

of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[2] and the absence of collateral consequences, and therefore, her Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss Petition" (Document No. 8), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on July 31, 2023.

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: July 12, 2024.

Omar J. Aboulhosn
United States Magistrate Judge